UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRELL KEMPLE MOORE, #284240,

        Petitioner,

                                          CASE NO. 2:10-CV-13437
v.                                        HONORABLE VICTORIA A. ROBERTS

CARMEN PALMER,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.    Introduction**

This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner Jerrell Kemple Moore ("Petitioner") asserts that he is being held in violation of his constitutional rights. Petitioner pleaded guilty to resisting and obstructing justice, felon in possession of a firearm, and possession of a firearm during the commission of a felony in the Wayne County Circuit Court in 2008 and was sentenced as a fourth habitual offender to 2 to 15 years imprisonment on the resisting and obstructing conviction, a concurrent term of 8 to 15 years imprisonment on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction. In his pleadings, he raises claims concerning the trial court's refusal to allow him to withdraw his plea, an illusory plea, prosecutorial misconduct, the validity of his sentence, double jeopardy, and ineffective assistance of trial and appellate counsel. For the reasons set forth herein, the Court

1

dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denied leave to proceed *in forma pauperis on* appeal.

**II.     Analysis**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. Petitioner admits that he did not properly present at least four of his habeas claims (concerning the validity of his plea, illusory plea/prosecutorial misconduct, ineffective assistance of trial counsel, and sentencing) to the Michigan Supreme Court because his application for leave to appeal to that

2

court was untimely.[1]  Petitioner also admits that he has not presented his remaining habeas claims (concerning prosecutorial misconduct and ineffective assistance of trial and appellate counsel) to any state courts before instituting this action.  Petitioner has thus failed to fully exhaust his habeas claims in the Michigan courts.

Although the time for completing a direct appeal has passed, Petitioner still has available remedies in the Michigan courts which must be exhausted before proceeding in federal court.  For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his claims through the state appellate courts as necessary. Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d).  If this Court were to review the claims presented, such an action would deny the state courts the deference to which they are entitled.  The state courts must first be given a fair opportunity to rule upon Petitioner's claims.  Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

## III. Conclusion

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.  The Court makes no determination as to the merits of Petitioner's claims.

---

[1] It further appears from the petition that Petitioner did not raise his ineffective assistance of trial counsel and sentencing claims to the Michigan Court of Appeals on direct appeal of his convictions.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court further **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 17, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record AND Jerrell Kemple Moore by electronic means or U.S. Mail on September 17, 2010.

s/Carol A. Pinegar
Deputy Clerk